880 F.2d 1322
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Allen B. SMITH, Plaintiff-Appellant,
v.
John GLUCH, R. Schoenberger, Michael Harper, Defendants-Appellees.
 No. 89-1072.
 United States Court of Appeals, Sixth Circuit.
 Aug. 4, 1989.
 
 1
 Before MERRITT and KENNEDY, Circuit Judges, and JAMES D. TODD, District Judge.*
 
 ORDER
 
 2
 Allen Smith, a pro se prisoner, moves for the appointment of counsel on appeal from the district court's judgment dismissing his Bivens-type action. See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). The appeal has been referred to a panel pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the certified record and briefs, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Smith claimed that the defendants deprived him of his liberty interest in parole in violation of procedural due process when they detained him in federal confinement based on the United States Parole Commission's rescission of his presumptive parole date. The district court granted the defendants summary judgment.
 
 
 4
 Upon consideration, we conclude summary judgment was properly entered for the defendants. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). A prisoner does not have a constitutional right to parole that is subject to procedural due process protection. See Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1, 7 (1979). Moreover, a federal right to parole does not exist in this case. Under 28 CFR Sec. 2.29(a)(b)(c), a federal prisoner is not vested with a right to parole until he receives a certificate of parole. Smith was not issued a parole certificate prior to the rescission of his presumptive parole date. Therefore, he was not deprived of any liberty interest.
 
 
 5
 Accordingly, the motion for appointment of counsel is denied and the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James D. Todd, U.S. District Judge for the Western District of Tennessee, sitting by designation